UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| STACIE M. OTTE,<br><br>        Plaintiff,<br><br>    v.<br><br>OLIVIER L. F. ASSER,<br><br>        Defendant. | Civil No. 06-2464 (DSD/SRN)<br><br>REPORT AND RECOMMENDATION |

This matter is before the undersigned United States Magistrate Judge on the pro se application of Defendant, Olivier L. F. Asser, for leave to proceed in forma pauperis, ("IFP"). (Docket No. 4.)  Defendant's IFP application was accompanied by a "Notice of Removal," (Docket No. 1), by which he is attempting to remove a certain state court proceeding into federal court, pursuant to 28 U.S.C. §§ 1441, et seq.  The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court finds that removal is not permissible in this case.  It will therefore be recommended that Defendant's IFP application be denied, that his "Notice of Removal" be vacated, and that this action be summarily remanded to the state district court where it was originally commenced.

**I.    BACKGROUND**

The above-named Plaintiff, Stacie M. Otte, initiated this action on or about May 3, 2006, by filing an "Affidavit and Petition For Harassment Restraining Order (Minn.Stat. § 609.748)" in the State District Court for Ramsey County, Minnesota.  Plaintiff alleges that Defendant has caused her to feel threatened, by continuing to contact her, (primarily by e-

mail), despite her requests to be left alone. Plaintiff's petition asked the State District Court to enter a restraining order against Defendant, pursuant to Minn.Stat. § 609.748, to prevent him from continuing his harassment. It appears that the State District Court has granted Plaintiff's petition, and entered a restraining order against Defendant. Now, however, Defendant is attempting to remove the matter to federal court.

## II.   DISCUSSION

### A.   Defendant's Eligibility For IFP Status

When a party attempts to remove an action to federal court, he or she normally must pay the same $350 filing fee that is collected by the Clerk of Court when a new action is initiated in federal court. 28 U.S.C. § 1914(a). In this case, Defendant did not tender the $350 filing fee when he submitted his Notice of Removal to the Clerk. Instead, he filed an IFP application, asking to be excused from paying the filing fee pursuant to the federal IFP statute, 28 U.S.C. § 1915(a). Although § 1915(a) does not expressly refer to removal proceedings, the Court has no doubt that IFP status can be granted -- if warranted -- in such proceedings.

An IFP application will be denied, however, and the action will be dismissed, if the party seeking IFP status has filed a pleading or petition that is legally frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A submission is "frivolous" for IFP purposes, and is therefore subject to summary dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also, Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990) (a claimant will be denied IFP status if he has not demonstrated "any rational argument in law or fact entitling him to relief").

In <u>Headd v. Headd</u>, No. 94-1001 (8th Cir. 1994), 1994 WL 558185, (unpublished opinion), the Eighth Circuit Court of Appeals held that an IFP application was properly denied, and a petition for removal was properly dismissed, where the IFP applicant's attempt to remove a state court action to federal court was found to be legally frivolous.

For the reasons discussed below, this Court finds Defendant's attempt to remove the present action to be legally frivolous. It will therefore be recommended that Plaintiff's IFP application be denied.

B. <u>Removablility</u>

The federal removal statutes provide that

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1441(a) (emphasis added).

"Because an improper removal would leave the district court without jurisdiction, and would make any decree in the case void, the removal statute must be strictly construed, with all doubts resolved in favor of remand." <u>DeLallo v. Teamsters Local Union #776</u>, No. CIV.A. 94-3875 (E.D.Pa. 1994), 1994 WL 423873 at *1, citing <u>Abels v. State Farm Fire and Cas. Co.</u>, 770 F.2d 26, 29 (3rd Cir. 1985). <u>See</u> also <u>Nichols v. Harbor Venture, Inc.</u>, 284 F.3d 857, 861 (8th Cir. 2002) ("the nature of federal removal jurisdiction – restricting as it does the power of the states to resolve controversies in their own courts – requires strict construction of the legislation permitting removal").

The fundamental principles governing removal of state court civil actions to federal court were summarized by the United States Supreme Court in <u>Caterpillar v. Williams</u>, 482

U.S. 386 (1987), as follows:

> "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. [Footnote omitted.] Absent diversity of citizenship, federal-question jurisdiction is required. [Footnote omitted.] The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Gully v. First National Bank, 299 U.S. 109, 112-113 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. [Footnote omitted.]"

Id. at 392 (emphasis added); see also, Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998); Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1242 (8th Cir. 1995).

The highlighted language from Caterpillar clearly indicates that removability issues must be resolved by looking at the plaintiff's pleading. In the absence of diversity jurisdiction, a state court action can be removed to federal court only if the plaintiff has pleaded a claim based on federal law. If a plaintiff is proceeding exclusively under state law, a defendant cannot cause an action to become removable by pleading a defense or counterclaim based on federal law. Magee, 135 F.3d at 601 ("[f]ederal-question jurisdiction is not created by a federal defense"); 16 Moore's Federal Practice, (3rd Ed.), § 107.14[3][a][vi] ("a defendant may not allege a federal counterclaim and seek removal on that basis"). As the Supreme Court has noted, the plaintiff is the "master of the claim," so if the plaintiff's action is based solely on state law principles, the defendant is powerless to remove the action to federal court.[1]

---

[1] There is one narrow exception to this rule, known as the "complete pre-emption doctrine." Caterpillar, 482 U.S. at 393. As explained by the Supreme Court, "[o]nce an area of state law has been completely pre-empted [by federal law], any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim." Id. The complete pre-emption doctrine has been applied primarily in labor law cases where

The state court proceeding at issue here is not removable, because Plaintiff's action could not have been initiated in federal court.  It clearly appears on the face of Plaintiff's original pleading that this action is based entirely on state law, namely Minn.Stat. 609.748, and not on any federal law.  Furthermore, both Plaintiff and Defendant are Minnesota residents, so federal jurisdiction could not be based on diversity of citizenship.  It is therefore evident that if Plaintiff had tried to bring this case in federal court, it would have been quickly rejected for lack of subject matter jurisdiction.  Because this action could not have been filed in federal court at its inception, due to lack of federal subject matter jurisdiction, it cannot be removed to federal court now.  Caterpillar, supra.

Thus, the Court concludes that this action is not removable, and that Defendant's attempt to remove it is legally frivolous.  It follows that Defendant's "Notice of Removal" must be vacated, that his IFP application must be denied, and that this case must be summarily remanded to the state court.

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Defendant's application for leave to proceed in forma pauperis, (Docket No. 4), be DENIED;

2. Defendant's "Notice of Removal," (Docket No. 1), be VACATED; and

---

federal labor law has effectively superseded any potentially relevant state law.  Shuver v. Midamerican Energy Company, 154 F.3d 795, 798 (8th Cir. 1998).  The complete pre-emption doctrine cannot be applicable here, because no federal law has pre-empted the state law on which Plaintiff's action is based.

    3.  This matter be summarily remanded to the State District Court for Ramsey County, Minnesota.

Dated: June 22, 2006

                                        s/ Susan Richard Nelson
                                        SUSAN RICHARD NELSON
                                        United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 30, 2006,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.